EX PARTE CONSTANCIA ROSARIO ANDINO, Petitioner
and Appellant.

No. 10861. Argued October 16, 1953.—Decided December 30, 1953.

*Benigno Dávila* for appellant. *José Trías Monge, Attorney General,* and *Omar Cancio Sifre, Assistant Attorney General,* for the People.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Constancia Rosario Andino, petitioner herein, instituted a dominion title proceeding in the District Court of Bayamón, to obtain title in her favor over certain property having an approximate area of 15 cuerdas, located in the ward of Algarrobos of Vega Baja. After the summons which will be discussed in the course of this opinion, was served, the hearing of the dominion title proceeding was held on March 24, 1950, at which petitioner produced documentary and oral evidence. On August 31, 1950, the Prosecuting Attorney of the Bayamón Section of the former District Court filed an "Opposition Report" alleging the following grounds of objection:

"First: That the property sold by Manuel Lomba and his wife Dolores Forteza Roca by deed No. 8 of February 17, 1931, had an area of only 7 cuerdas and not 15 cuerdas as alleged in the petition, there being an excess area of 8 cuerdas, which is more than the 20 per cent permitted by law; and that the petition fails to state, nor does it appear from the evidence offered, why such excess area exists, a survey being necessary, under the established case law, by summoning the adjacent landowners and presenting a certificate of the surveyor. *Gaya* v. *Registrar,* 63 P.R.R. 769.

"Second: That since former owner Manuel Lomba was dead as alleged in the petition, it is absolutely necessary to notify his successors in interest, either personally if the heirs are known, or by edicts if the heirs are unknown. A summons is not sufficient. Article 395 of the Mortgage Law. *Cancel* v. *Registrar of San Juan,* 28 P.R.R. 862, and *Morales* v. *Registrar,* 48 P.R.R. 654.

"Third: That according to deed No. 8 of February 17, 1931, mentioned above, Manuel Lomba and his wife sold a property having an area of 7 cuerdas to Isidoro Rosario and his wife, Sinforiana Andino, and by the same deed Isidro Navedo (*sic*) and his wife sold, with right of redemption, the same property consisting of 7 cuerdas to Juan Torres and his wife, Constancia Rosario, petitioner herein. This being the state of facts as disclosed by the document offered in evidence, the former owners were not Manuel Lomba and his wife but Isidoro Rosario and his wife, Sinforiana Andino.

"Fourth: Deed No. 90 of recognition and ratification executed on October 27, 1949 by Isidoro Rosario and his children before Notary Benigno Dávila, refers to certain property of 15 cuerdas without explaining the excess area, and not to a property of 7 cuerdas, which is the property originally sold. That deed of recognition and ratification does not contain a true and correct statement of the facts set forth in deed No. 8 of February 17, 1931, especially since two of the executing parties, namely, Sinforiana Andino, wife of Isidoro Rosario, and Juan Torres, petitioner's husband, were dead.

"Fifth: Since Juan Torres was dead, the ownership can not be established in his favor or of petitioner but in favor of the Heirs of Juan Torres, who are not known according to the petition or the evidence."

On November 21, 1952, the Bayamón Part of the Superior Court entered an order dismissing the dominion title proceeding. In that order the court *a quo* stated as follows:

"The Court has read the summons and return upon the former owners and finds that the Prosecuting Attorney is correct in opposing this dominion title proceeding, on the ground that the former owners were not summoned pursuant to law. Therefore, the petition for dominion filed in this case is denied."

Petitioner appealed from that order to this Court and, by way of assignment of errors, attacks that order on the following grounds:

"1. The Prosecuting Attorney's objections were untimely made, thereby violating the procedure by law prescribed for Dominion Title proceedings.

"2. The Prosecuting Attorney did not notify the interested party with a copy of his allegations.

"3. By violating his limited duty to represent only the public interests (of the Treasury or of the State, of incompetents or of minors, etc.), or to comply with legal requirements in Possessory or Dominion Title Proceedings, the Prosecuting Attorney makes objections or allegations on questions of fact of purely personal or private interest.

"4. The objections or allegations of the Prosecuting Attorney were made not only out of time and place but they are also frivolous, improper, extraneous and immaterial to Dominion Title proceedings, and they hinder and jeopardize the purpose of the proceeding which is to facilitate the recording of property titles which are unwritten, or if written, are defective and unrecordable.

"5. The Superior Court did not pass upon and overrule at once all the objections or allegations which were duly submitted by the Prosecuting Attorney.

"6. The Court erred in holding that the former owners were not summoned pursuant to law."

The controversy in the instant case hinges upon § 395 of our Mortgage Law, which provides:

"Art. 395. Any owner of property having no written title of ownership whatever be the period of the acquisition, may record such ownership upon proving it under the following formalities:

"1. He shall submit to the judge of the court of first instance of the judicial district in which the property is situated, or to the one of the district in which the larger portion thereof is situated, if the estate be located in more than one district, a statement of the manner in which he acquired it and any legal proof of such acquisition which he may have to offer, and praying that, after citation of the person from whom the property may have been acquired, or of his predecessor in interest, and of the

representative of the department of public prosecution, such evidence be admitted and a declaration of his rights made.

"2. The judge shall refer this petition to the representative of the department of public prosecution, shall cite the person from whom the property was acquired or his predecessor in interest, if known, and the persons who may have any property right in said real property; he shall admit all pertinent evidence which may be offered by the petitioner, by the interested persons cited or by the representative of the department of public prosecution within the term of 180 days, and he shall summon the unknown persons who might be prejudiced by the record applied for, by means of notices which shall be posted in public places and inserted three times in the official newspapers of the respective colonial Province, in order that they may appear if they wish to assert their rights.

"If the persons to be cited should be absent, the procedure established in rule 5 of article 391 shall be followed in making the citations.

"3. Upon the expiration of this period, the judge will receive written pleadings upon the claims and evidence which may have been presented by the representative of the department of public prosecution or by the other persons who may have attended the proceedings; and in view of their allegations he shall decide on the evidence with an impartial judgment and declare whether or not the ownership of the property involved has been established.

"4. The representative of the department of public prosecution or any of the persons interested may appeal from this decision; and should they do so, the appeal shall be heard and decided according to the procedure established for incidental issues in the law of civil procedure.

"5. If said decision is accepted or affirmed, it shall constitute a sufficient title for the record of the ownership.

"6. When the value of the real property shall not exceed 1,000 pesos, the proceedings which, according to rule 3, must be had in writing and submitted to the representative of the department of public prosecution and to the parties interested, shall be oral; and the appeal, in a proper case, shall conform to the procedure established for appeals of this character in actions of 'lesser import' (*menor cuantía*)."

According to the Section quoted above, the prosecuting attorney must be summoned in a dominion title proceeding

and he has the right to appear and be heard and to express his views after the hearing. The prosecuting attorney's functions in a proceeding to secure dominion title are limited to his intervention for the purpose of seeing that the law is complied with or to defend the rights of the People (now Commonwealth of Puerto Rico), when they conflict with the interests of the petitioner. *Ex parte Mullenhoff* v. *The People*, 19 P.R.R. 357; *González* v. *The People*, 10 P.R.R. 458; *Méndez* v. *The People*, 10 P.R.R. 469; *Ex parte Perrier and Del Rosario*, 20 P.R.R. 119. The prosecuting attorney appears in two distinct capacities—as representative of the Law or of the State. In the former case, he must see to its compliance, and if he discovers any flaws in the proceedings it is his duty to oppose the approval of the title; if he intervenes as the State's representative, then his status is that of a private individual. Galindo, *Legislación Hipotecaria*, vol. 4, page 615. The prosecuting attorney is not authorized to take steps to defend the rights of private persons. *Ex parte Mullenhoff* v. *The People, supra.* However, in the case at bar the prosecuting attorney did not produce any evidence whatsoever but offered his objections in writing after the hearing, which he had the right to do. Roca Sastre, *Derecho Hipotecario*, vol. 2, page 496; Morell, *Legislación Hipotecaria*, vol. 5, page 537. The objections raised by the prosecuting attorney, especially those on which the order of the lower court rests, referred to the alleged noncompliance with the legal formalities and requirements, which fell within his scope of authority. True, his report was submitted more than five months after the hearing. Although it is desirable that the prosecuting attorney's report be submitted promptly, § 395 does not prescribe a specific period for the filing thereof after the hearing of the case.

In any event, irrespective of any possible objection to the prosecuting attorney's action, which is not the situation here, the main question is to determine the validity or correctness of the order of the lower court in refusing to grant

the ownership title in favor of petitioner. The decision of the court was based on the fact that the former owners were not summoned in pursuance of law. In so deciding, the court *a quo* committed no error and its judgment was correct.

██ The petition states that the petitioner acquired the property in 1931 by purchase from the spouses Manuel Lomba and Dolores Forteza Roca, by deed No. 8 executed on February 17, 1931, before Notary Victoriano M. Fernández, and that the former owners, Manuel Lomba and his wife Dolores Forteza Roca, acquired it in turn in 1926 by purchase from Eladio Cantado, who had been in possession thereof for over 20 years. Deed No. 8 was offered and admitted in evidence. However, it is there stated that Manuel Lomba and his wife sold the property for $600 to Isidoro Rosario and his wife Sinforiana Andino, but the latter declared in the deed that they "have received in the nature of a loan, from Juan Torres, who is married to Constancia Rosario, the sum of $650, for a period of five years which will expire January 30, 1936, and that in order to secure payment they sell to Juan Torres, with right of redemption, the property they have just acquired which is described in the preceding second clause, for the price of $650, which they received in money orders drawn in a post office in New York."

Notwithstanding the foregoing, by deed executed on October 27, 1949, which was offered and admitted in evidence, Isidoro Rosario, widower of Sinforiana Andino, and six of their children, declare that Constancia Rosario is the daughter of Isidoro Rosario and widow of Juan Torres; that in 1931, by deed No. 8 to which reference is made above, Isidoro Rosario had acquired the property in question by purchase from Lomba and his wife, but that he had acquired it as the representative of Constancia Rosario, his daughter, with money which was hers, since she was single, and which she had given him for the purchase of the property in her name; that Isidoro Rosario had been in possession of the property on her behalf, and that since his wife was dead both

Isidoro Rosario and his other children, heirs of the latter's wife, declare "that the described property is the exclusive and private property of Constancia Rosario, who appears herein, and to that effect they recognize and ratify that the purchase of property was made by Isidoro Rosario in the name and on behalf of his daughter Constancia Rosario with her own money which she had sent him for that purpose, wherefore all the appearing parties, in the capacity in which they appear, make the required recognition in favor of the purchaser Constancia Rosario, waiving all right, title or interest in the described property, in order that the same be made public for such purposes as may be pertinent."

It was stated at the trial that the money in question belonged to the petitioner and that the property had been purchased by Isidoro Rosario in her name and behalf.

The requirements prescribed in § 395 regarding the procedure to be followed in dominion title proceedings are essential and must be strictly complied with. There must be the summons of the former owner, that is, the person from whom the property is immediately derived, or his successors in interest. *Ex parte Perrier* v. *Del Rosario, supra; Febre et al.* v. *Febre,* 40 P.R.R. 208; *Rivero et al.* v. *Hernández et al.,* 18 P.R.R. 1001; *Colón et al.* v. *The Registrar,* 23 P.R.R. 701; *Cruz* v. *Santiago,* 24 P.R.R. 303; *Maldonado* v. *Registrar,* 53 P.R.R. 884. The rule of strictly complying with the requisite of summoning the former owner or his successors in interest is based on the fact that the dominion title proceeding does not lose its *ex parte* character (*Benítez* v. *Registrar,* 71 P.R.R. 526, 531, 532) and is presumptively rapid. Summoning the former owner affects public order and public policy (*Ex parte Perrier and Del Rosario, supra*), and is in part required to duly establish the authenticity of the conveyance. Morell, *op. cit.,* Vol. 5, page 529. The person summoned must be the immediate former owner and not the remote former owners. *Hermida* v. *Registrar of San Germán,* 31 P.R.R. 184; *Pietri* v. *Registrar,* 36 P.R.R.

64. It is an essential requisite that the summons be served personally upon the former owner, or his successors in interest, as the case may be, if they are known, or when their existence and domicile are known and they are within Puerto Rico. *Rivero et al.* v. *Hernández et al.*, *supra*; *Morales* v. *Registrar*, 48 P.R.R. 654, 656, 657; *Colón* v. *Registrar*, *supra*; *Cancel* v. *Registrar of San Juan*, 28 P.R.R. 862; *Ex parte Castro*, 7 P.R.R. 474; *Ex parte Ramírez*, 7 P.R.R. 470. Service of summons by publication on the unknown former owner or his assigns is sufficient (*Hernández* v. *Registrar*, 36 P.R.R. 40; *Hermida* v. *Registrar of San Germán*, *supra*; cf. *Cerdá* v. *Ossorio*, 65 P.R.R. 315, 319, and *Iñesta* v. *Registrar*, 65 P.R.R. 726), in which case the publications should state their names, identity and existence (*Maldonado* v. *Registrar*, *supra*; *Iñesta* v. *Registrar*, *supra*; Morell, text cited, vol. 5, page 536; cf. *Colón et al.* v. *Registrar*, *supra*; *Hernández* v. *Registrar*, *supra*,) or if it is not possible to designate them specifically, there should be made some reference to them in the publications, that is, it should be stated that summons is being served upon the former owner of the property in question, or upon his successors in interest.

It appears from deed No. 8 of February 17, 1931 that Isidoro Rosario and his wife Sinforiana Andino were the owners immediately preceding the petitioner, that is, they were the persons from whom the property was derived. Neither Isidoro Rosario nor his heirs, nor the successors in interest of Sinforiana Andino, were summoned in any manner whatever, either personally or by publications, and, therefore, the requirement of § 395 was not complied with and the declaration of dominion sought could not be granted. *Cancel* v. *Registrar of San Juan*, *supra*, construed in *Hernández* v. *Registrar*, *supra*. However, petitioner alleges that, actually, Isidoro Andino and his wife were not the real former owners of the property, since by the deed of October 27, 1949 Isidoro Rosario and Sinforiana Andino's heirs rec-

ognized that Rosario and his wife had acquired the property in the name and on behalf of Constancia Rosario, with her own money, in which case they were mere agents of petitioner herein. Irrespective of whether or not the existing conflict in both deeds could be settled by the court in this dominion title proceeding, and irrespective of the fact that the first deed recited that the purchase money was obtained by way of a loan from Juan Torres, petitioner's husband at that time, now deceased, while in the second deed it is stated that the money belonged to petitioner alone and was delivered for the purpose of purchasing the property, and assuming that Rosario and his wife made the purchase with petitioner's money, neither Isidoro Rosario and his wife (now her heirs), nor Rosario and his children, now Lomba's successors in interest, were duly summoned.

Even assuming, as a question of fact, that Isidoro Rosario and his wife were mere agents of the petitioner, and that they served as mere passive tools in the conveyance of the title from Manuel Lomba and his wife to petitioner, that is, assuming that the property was actually derived immediately from Manuel Lomba and his wife, the latter and their successors in interest were not duly summoned. It was established before the lower court that Manuel Lomba was dead. Summons was served personally on his widow, Dolores Forteza Roca. However, all the other unknown heirs or successors in interest of Manuel Lomba were not summoned in any manner whatever. Upon the death of the former owner, his heirs or successors in interest should be summoned. *Cancel* v. *Registrar of San Juan, supra; Cruz* v. *Santiago, supra; Taboada* v. *Registrar of Guayama,* 26 P.R.R. 600; *Morales* v. *Registrar, supra.* In the case at bar, summons was served personally, as already stated, on Lomba's widow, and it was stated in the return of the summons executed by a private person that notice could not be served on Lomba because he was dead, "his heir being his wife, Dolores Forteza Roca, whom I notified also as heir of the said Manuel Lomba."

 Of course, in a dominion title proceeding there is no need for a declaration of heirship or to establish with documents the identity and capacity of the former owner's heirs. Roca Sastre, *Derecho Hipotecario*, vol. 2, page 494. Furthermore, if the identity, existence or whereabouts of other unknown heirs is not known to petitioner, it is clear that he should not be required to summon them personally. However, as held in *Hernández* v. *Registrar, supra*, the service of summons by publication on the unknown successors, heirs and assigns of former owners, is sufficient. Section 395 provides that the petitioner in a dominion title proceeding shall submit a statement praying, among others, that "after citation of the person from whom the property may have been acquired, or of his predecessor in interest, or of the department of public prosecution, such evidence be admitted and a declaration of his rights made." In *Cruz* v. *Santiago, supra*, it is said:

"Juan de Dios Santiago y Mestei appealed from the said judgment to this court and, among other reasons adduced for the reversal of the judgment appealed from, pleaded the failure of Isabel Cruz y Luciano to state in the petition filed in the dominion title proceedings brought by her the names of the successors in interest (*causahabientes*) of Eleuterio Cruz and Antonia Luciano, or that none existed, which is an indispensable requisite to compliance with the provisions of article 395 of the Mortgage Law.

"Subdivision 1 of the said article provides that the initial petition in the proceedings shall pray that after the citation of the person from whom the property may have been acquired, or his successor in interest, and of the representative of the department of public prosecution, the evidence of the petitioner be admitted and his right declared; and subdivision 2 of the same article orders that the judge shall refer this petition to the representative of the department of public prosecution, shall cite the person from whom the property was acquired or his successor in interest, if known, and the persons who have any property right in the said real property.

"After examining the initial petition filed by Isabel Cruz y Luciano in the proceedings brought by her we find it alleged that

she inherited the property from her parents, Eleuterio Cruz and Antonia Luciano, but she does not say that she was their sole heir in order to avoid the necessity of summoning the successors in interest of Eleuterio Cruz and Antonia Luciano; for if she were the sole heir, the said citation would be superfluous by the fiction of law that the predecessor and the successor in interest are one and the same person.

"As there is a possibility that Isabel Cruz y Luciano may not be the sole heir of Eleuterio Cruz and Antonia Luciano, it may be that there are other persons who believe themselves entitled to their estate, and they undoubtedly would be interested in the citation of the successors in interest of Eleuterio Cruz and Antonia Luciano. *Calderón et al. v. García,* 14 P.R.R. 407.

"The allegation to which we have referred was not made by the contestant in the lower court and was made for the first time in this court, but as it involves a material defect we must consider and decide it.

"Public policy requires that the rules prescribed for the bringing of dominion title proceedings shall be strictly followed. *Ex parte Perrier and Del Rosario,* 20 P.R.R. 119. As we have said, the Mortgage Law requires that the person from whom the property was acquired, or his successor in interest, shall be cited, and the fulfilment of this requirement cannot be excused except when there are no means of complying therewith, as in a case where the petitioner claiming by right of inheritance alleges that he is the only heir of the former owner, an allegation which has not been made in the present case.

"For the said reason, and without considering the other grounds of appeal, the judgment appealed from should be reversed without prejudice to the right of Isabel Cruz y Luciano to prove her alleged ownership of the property in accordance with the provisions of the Mortgage Law."

In *Taboada v. Registrar, supra,* it is held that a dominion title order is not recordable whenever it does not appear clearly from the judgment who were the successors in interest of the person from whom the property was derived, for the purpose of summoning them as required by law on account of the death of the predecessor in interest.

In the case at bar, the initial petition does not state who were Manuel Lomba's heirs or successors in interest, nor

the fact that their existence or whereabouts was unknown, nor that his widow was his sole heir. In the return of the summons served by a private person it is stated that notice was personally served on the widow, "his said wife being the heir." This is not sufficient to exclude the possibility that other heirs of Lomba might exist. What should have been done in the instant case, assuming that Lomba is considered as former owner, as was validly done in *Hernández* v. *Registrar, supra,* was to include in the summons by publication the unknown successors, heirs and assigns of Lomba, since "their present whereabouts or existence is not known."

In the edicts published in this case, there were summoned "everyone having a real right to the described real property, the unknown persons who may be prejudiced by the recordation, and in general, everyone desiring to make opposition." However, such general expression was not reasonable notice to Lomba's unknown heirs. Lomba's unknown heirs could not tell from such publications whether Lomba was involved in the transaction. The notice by publication should have included "all unknown successors, heirs or assigns of Manuel Lomba, whose existence or whereabouts are not known."

There was an essential defect in the prosecution of the dominion title proceeding in that the former owner or his successors in interest were not duly summoned. Therefore, the order appealed from is affirmed without prejudice to the institution of another proceeding in pursuance of law.